**In re Charles E. O'HARA, Jr., a/k/a Charles E. O'Hara, IV, Debtor.**

**Frederick B. BAMBER and Tom Grant, Plaintiffs,**

**v.**

**Charles E. O'HARA, Jr., a/k/a Charles E. O'Hara, IV, and Thomas H. Quinn, Jr., Trustee, Defendants.**

**Bankruptcy No. 8000752.
Adv. No. 800287.**

United States Bankruptcy Court,
D. Rhode Island.

Aug. 13, 1981.

Louis Geremia, Quinn, Cuzzone, Geremia & Pennacchia, Providence, R. I., for debtor.

Christopher H. Little, Tillinghast, Collins & Graham, Providence, R. I., for plaintiffs.

## ORDER DENYING PLAINTIFFS' COMPLAINT TO DETERMINE DISCHARGEABILITY

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard pursuant to 11 U.S.C. § 523(a)(2)[1] on the Plaintiffs' complaint to determine the dischargeability of a debt allegedly owed to them by the Debtor-Defendant.[2] Pages one to three (1–3) of the "Joint Pre-Trial Order" (J.P.T.O.), containing the facts stipulated to by the parties, are incorporated herein by reference and are included in this decision as the Appendix.

Upon review of all the evidence, the Court makes the following findings of fact and conclusions of law:

1. The Plaintiffs' contention that the transaction in question was a purchase of the Defendant's accounts receivable is rejected.

2. The money advanced by the Plaintiffs to the Defendant on July 15, 1980 constituted a loan.

3. Prior to July 15, 1980, Plaintiff Tom Grant became aware of the Danforth and Nelson orders (J.P.T.O., ¶ 15) through conversations with his father, who had read about the Superior Court proceedings in a local newspaper.

4. Grant had actual notice, and Plaintiff Frederick B. Bamber had constructive notice, of the Danforth and Nelson orders.

5. The Plaintiffs have not established that the Defendant made a materially false statement in order to obtain the loan in question.

6. The Plaintiffs have not sustained their burden of proof in establishing the Defendant issued a written statement with intent to deceive the Plaintiffs about the existence of encumbrances on the accounts receivable.

7. The Plaintiffs have failed to establish that they placed any reliance on such a statement.

8. Even if a statement made with the requisite intent to deceive were established, since the Plaintiffs had notice of the Danforth and Nelson orders, I find as a fact and conclude as a matter of law that any reliance on such a statement would have been unreasonable.

9. The testimony of the Defendant is determined to be credible and worthy of belief, and the Plaintiffs have not impeached nor contradicted said testimony.

---

1. § 523. Exceptions to Discharge.

   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   ... (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
   ... (B) use of a statement in writing—
   (i) that is materially false;
   (ii) respecting the debtor's or an insider's financial condition;
   (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
   (iv) that the debtor caused to be made or published with intent to deceive.

2. The Court has been advised by the Defendant that he is not pressing the counterclaim founded on the Rhode Island usury statute. Therefore, that issue will not be addressed.

Accordingly, all obligations incurred by the Defendant with respect to the July 15, 1980 loan are discharged.[3]

## APPENDIX

### JOINT PRE–TRIAL ORDER

In accordance with the notice of this Court dated February 26, 1981 amending this Court's Pre-trial Order dated February 5, 1981 the parties submit the within Joint Pre-trial Order.

A. *The Facts Which are Admitted and Which Require no Proof*:

1. This action is brought pursuant to 11 U.S.C. § 523(c) as an action brought by a creditor seeking a determination that certain debts are excepted from discharge pursuant to 11 U.S.C. § 523(a)(2).

2. Plaintiff, Frederick B. Bamber, is a resident of the town of Lexington, Massachusetts.

3. Plaintiff, Tom Grant, is a resident of the town of Beverly, Massachusetts.

4. Defendant, Charles E. O'Hara, Jr., a/k/a Charles E. O'Hara, IV, is a resident of Rhode Island and has filed pursuant to 11 U.S.C. ch. 7 a petition for an order of relief captioned "Charles E. O'Hara, Jr., S.S. # 048–36–5314, a/k/a Charles E. O'Hara, IV" (BK.–8000752).

5. Defendant, Thomas H. Quinn, Jr., has been appointed interim trustee of O'Hara estate.

6. On July 15, 1980 Defendant signed that three page document appended as Attachment A hereto. Defendant executed page two on behalf of Banzini Brothers Productions, Inc. and page three individually and on behalf of Banzini Brothers Productions, Inc.

7. Attachment A is a true copy of the document signed by Defendant on July 15, 1980.

8. Plaintiff, Bamber signed the second page of Attachment A.

9. On July 15, 1980 Plaintiffs gave Defendant $30,000 in the form of five checks. True copies of the checks upon which Defendant has indicated his receipt thereof are appended as Attachment B.

10. Since July 15, 1980 Defendant has not personally paid Plaintiffs any money. Plaintiffs have received $17,627.40 through Court proceedings against Banzini Brothers Productions, Inc. and as of December 9, 1980 Banzini Brothers Productions, Inc. and Defendant remain indebted to Plaintiffs in the amount of $16,872.60 plus interest allowable pursuant to Attachment A or under law.

11. The money in controversy is not a consumer debt.

12. The musical concerts known as "Newport Sea Concerts '80 Presents Jazz in Newport" were held on July 18, 19 and 20, 1980 at Port Adams State Park in Newport, Rhode Island.

13. From 1976 until July 1980 when Banzini Brothers Productions, Inc. ceased to exist, Defendant was President and Treasurer of this corporation.

14. During this period Defendant owned 50 percent of the shares of stock of this corporation and with two other individuals controlled the affairs of the corporation.

15. On May 7, 1980 Murray S. Danforth, Jr. commenced litigation against Banzini Brothers Productions, Inc. and Defendant in the Providence County Superior Court, C.A. No. 80–1572. On the same day Jonathan Nelson commenced suit against the same Defendants in the same court in a case numbered C.A. No. 80–1571. On July 1, 1980 those orders appended as Attachment C were entered by the Superior Court in both cases.

16. The orders included as Attachment C in the Superior Court were entered after a hearing conducted on June 26 and June

---

**3.** Although the Trustee was named as a Defendant in this action, the case was tried only on the issue of dischargeability as to the Defendant O'Hara. Accordingly, on the Court's own initiative, the Trustee (who did not participate in these proceedings) is removed as a party Defendant.

27, 1980 before Associate Justice Domenic Cresto.

17. Defendant, O'Hara, attended Court and testified at hearings conducted on June 26 and June 27, 1980.

18. Defendant, O'Hara, was represented by counsel in the Nelson and Danforth cases and knew that an order had been entered by Judge Cresto on July 1, 1980.

19. On July 15, 1980 Defendant knew that the orders appended as Attachment C were in effect.